IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| HUB GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:23-CV-08728 (JGK) |
| v. | ) ) | |
| SPL GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     **Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom, including documents produced in *Hub Group, Inc. v. SPL Group, Inc.*, Opposition No. 91263984 (Trademark Trial and Appeal Board), (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of the Southern District of New

2119446v1

York, the Federal Rules of Civil Procedure, and the Individual Practices of Judge John G. Koeltl on matters of procedure and calculation of time periods.

2.      **Form and Timing of Designation on Documents.**  A party, or non-party who is producing documents, may designate Documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the confidentiality designation. Documents shall be designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY prior to or at the time of the production or disclosure of the Documents. The confidentiality designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY.**  Any party or non-party who is producing documents may designate Documents as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available, or any such documents that either party has a good faith belief that disclosure would create a competitive harm. Public records and other information or Documents that are publicly available may not be designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE

COUNSEL ONLY.

4.      **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL,

ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL

ONLY, only if designated as such during the deposition or within thirty (30) days following the

designating party's receipt of the deposition transcript, or as otherwise agreed to in writing by the

parties.  Such designation shall be specific as to the portions of the testimony, transcript or any

exhibit to be designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS'

EYES ONLY – OUTSIDE COUNSEL ONLY. Only those persons authorized to have access to

CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE

COUNSEL ONLY Documents pursuant to Paragraphs 5(b) – 5(d) may be present during any

portion of any deposition in which such information is being discussed or disclosed, provided

that counsel for any party indicates on the record that the Documents, including for the sake of

clarity testimony, are or are likely to reveal CONFIDENTIAL, ATTORNEYS' EYES ONLY, or

ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY information.  Pending the

expiration of thirty (30) days after a deposition transcript is received by the deponent or its

counsel, all parties and persons shall treat the deposition transcript as if it had been designated as

"ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY" except that the deponent and

the deponent's counsel may review the transcript of that deponent's own deposition.  Thereafter,

the deposition transcripts and any of those portions so designated shall be protected as

CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE

COUNSEL ONLY pending objection, under the terms of this Order.

5.      **Protection of Confidential Material.**

(a)      **General Protections.** Subject to the limitations of Paragraphs 5(c) and

5(d) below, Documents designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery, prepare and file motions in this proceeding, and prepare for and to conduct trial in this action, including any appeal thereof.

      **(b)**    **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL, ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY Documents to any third person or entity except as set forth in Paragraphs 5(b) – 5(d) of this Order. Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated CONFIDENTIAL:

      (1)    **Outside Counsel**. Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action;

      (2)    **In-House Counsel.** In-house counsel for a party;

      (3)    **Parties.** Parties and employees of a party other than in-house counsel for a party;

      (4)    **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

      (5)    **Consultants, Investigators and Experts.** Outside consultants, investigators, or experts (hereinafter referred to collectively as "experts")

retained by the parties or outside counsel for the parties to assist in the

preparation and trial of this action or proceeding, but only after such

persons have completed the certification contained in Attachment A,

Acknowledgment of Understanding and Agreement to Be Bound;

(6)    **The Court.**  The Court, including a mediator, or other person having

access to any Documents designated CONFIDENTIAL, ATTORNEYS'

EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL

ONLY by virtue of his or her position with the Court;

(7)    **Witnesses**. Counsel for the respective parties may utilize portions of

"Confidential Information" designated as CONFIDENTIAL during the

course of depositions in this matter by having the witness attest that he or

she will be bound by the terms set forth in this Order by executing

Attachment A.  Portions of the transcripts of all such depositions which

contain or refer to any information that is CONFIDENTIAL shall be

treated in accordance with the terms of this Order.  Counsel shall retain

copies of any transcript of any deposition which contains or refers to any

CONFIDENTIAL information in such a manner as to preserve its

confidential nature; and

(8)    **Others by Consent.** Other persons only by written consent of the

producing party or upon order of the Court and on such conditions as may

be agreed or ordered, including whether they shall also be allowed access

to ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY –

OUTSIDE COUNSEL ONLY Documents and information. All such

persons shall execute the certification contained in Attachment A,

Acknowledgment of Understanding and Agreement to Be Bound.

(c)     **Further Limitations on Disclosure of ATTORNEYS' EYES ONLY**

**Documents.**  Only Documents that a party believes in good faith contain highly-sensitive

competitive information, confidential information, or any other such information that

might incur a competitive harm on either party, such as sales information, advertising

expenditures, pricing information, and financial data, may be designated as

ATTORNEYS' EYES ONLY.  Documents that are designated ATTORNEYS' EYES

ONLY may be disclosed only to categories (1), (2), (4), (5), (6), and potentially (8) in

paragraph 5(b) above.

(d)     **Further Limitations on Disclosure of ATTORNEYS' EYES ONLY –**

**OUTSIDE COUNSEL ONLY Documents.**  Only Documents that a party believes in

good faith contain highly-sensitive trade secret information or information that such

disclosure would create a competitive harm, including, but not limited to, information

reflecting profit margins, marketing forecasts, sales or marketing strategy, future business

plans, and/or product development information, the unauthorized disclosure of which

would result in irreparable harm to the disclosing party, may be designated as

ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY.  Documents that are

designated ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY may be

disclosed only to categories (1), (4), (5), (6), and potentially (8) in paragraph 5(b) above.

(e)     **Control of Documents.** Counsel for the parties shall take reasonable and

appropriate measures to prevent unauthorized disclosure of Documents designated as

CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY –

OUTSIDE COUNSEL ONLY pursuant to the terms of this Order.

(f)    **Copies.** Prior to production to another party, all copies, electronic images,

duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as

"copies") of Documents designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY,

or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY under this Order, or

any individual portion of such a document, shall be affixed with the designation

"CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY

– OUTSIDE COUNSEL ONLY" as appropriate, if the words do not already appear on

the copy. All such copies shall thereafter be entitled to the protection of this Order. The

term "copies" shall not include indices, electronic databases or lists of Documents,

provided these indices, electronic databases or lists do not contain substantial portions or

images of the text of confidential Documents or otherwise disclose the substance of the

confidential information contained in those Documents.

(g)    **Inadvertent Production.**  The inadvertent production of any information

during discovery in this action without a designation shall be without prejudice to any

claim that such material is CONFIDENTIAL, ATTORNEYS' EYES ONLY,

ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY, or privileged in any

respect or protected from discovery as attorney work-product material, and no party shall

be held to have waived any rights by such inadvertent production provided that the

producing party complies with Federal Rule of Evidence 502.  In the event that any

document that a party should have designated CONFIDENTIAL, ATTORNEYS' EYES

ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY was produced

without such designation, or *vice versa*, i.e that the document should have been produced

with no confidentiality designation, the party that received the document shall treat it as

per the revised designation promptly after it receives a written notice from the producing

party of the designation.   Further, the producing party shall promptly exchange the

document with the corrected designation.

        **(h)**       **Original Author or Recipient.**  Notwithstanding the restrictions

identified in Paragraphs 5(b) and 5(c), a CONFIDENTIAL, ATTORNEYS' EYES

ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY document may

be shown to (i) any originator, author, or recipient of the document identified on the face

of the document; and (ii) any sender or recipient of an email or other correspondence to

which the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES

ONLY – OUTSIDE COUNSEL ONLY document was attached.

      6.       **Challenge to a Designation.** In the event a party challenges another party's

designation of confidentiality, the challenging party shall provide a written notice to the

designating party that specifically: (a) identifies the Documents or information that the

challenged party contends should be differently designated, and (b) describes with particularity

the basis for each challenge.  The challenging party shall have an obligation to meet and confer

with the designating party in good faith to resolve the objection by agreement.  If agreement is

reached confirming or waiving the designation as to any document, information, or material

subject to the objection, the designating party shall confirm in writing the nature of the

agreement, and shall (i) specify the document, information or material at issue and the agreed-

upon designation, or (ii) produce a re-designated document consistent with the agreed-upon

designation if possible.  If agreement cannot be reached within ten (10) business days of the

service of the written notice, the challenging party may seek resolution by the Court in accordance with Local Rule 37.2 and the Court's applicable Individual Rule(s). The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party. If the challenging party does not timely seek re-designation, then the designated material in dispute shall remain subject to the designation made by the designating party. All designated material is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court. Nothing in this Order constitutes an admission by any party that Documents designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY disclosed in this case are relevant or admissible. Each party reserves the right to object to the use or admissibility of Documents designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY.

7.      **Filing of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY Documents Under Seal.** The Court highly discourages the filing of any pleadings or Documents under seal. To the extent that a brief, memorandum or pleading references any document designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY, then the brief, memorandum or pleading shall comply with Federal Rule of Civil Procedure 5.2 and the Court's Individual Rule VI and refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

Notwithstanding any other provision, the parties hereto may provisionally file documents under seal and/or in redacted form redacting any CONFIDENTIAL, ATTORNEYS' EYES

ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY, provided that (i) at

the time of filing the filing party serves other parties with un-redacted copies of such documents;

and (ii) that within ten (10) days of filing such document, or within ten (10) days after the last

filing in a motion sequence number, any party who wishes that such document remain filed

under seal make an application by letter for an Order of this Court addressing the specific

documents or portions of documents to be sealed. Any application to seal shall indicate the

portion or portions of the information it seeks to have sealed and shall demonstrate that the

standards for sealing have been met as required by the Court's Individual Rule VI.  The

redactions expressly authorized by Rule 5.2 may be made without further application to the

Court.

    8.      **Obligations on the Conclusion of Litigation.**  At the conclusion of litigation, all

Documents treated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS'

EYES ONLY – OUTSIDE COUNSEL ONLY and any copies thereof shall be promptly (and in

no event later than 30 days after entry of final judgment no longer subject to further appeal)

returned to the producing party or certified as destroyed, except that the parties' outside counsel

shall be permitted to retain attorney work product, including an index which refers to or relates

to information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS'

EYES ONLY – OUTSIDE COUNSEL ONLY so long as that work product does not duplicate

verbatim substantial portions of the text or images of confidential Documents, with the exception

that motions and affidavits which are filed or exchanged by the parties may be retained.  This

work product shall continue to be CONFIDENTIAL, ATTORNEYS' EYES ONLY, or

ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY under this Order.

    9.      **Not Binding on the Court.**  This Order is not binding on the Court or Court

personnel. The Court reserves the right to amend it at any time.

10.    **Third-Party Disclosures.** In the event that a non-party to this action produces Documents or information to either party to this litigation pursuant to a subpoena ("Third-Party Discloser"), and the Third-Party Discloser reasonably and in good faith considers such Documents or information to constitute either CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY material of the Third-Party Discloser, the Third-Party Discloser may execute the Third-Party Disclosure Agreement attached hereto as Attachment B.  In the event that the Third-Party Discloser executes the Third-Party Disclosure Agreement, the Third-Party Discloser shall be deemed a "party" to this Protective Order, and the parties to this litigation shall comply with all of the restrictions applicable to Documents and information designated by the Third-Party Discloser as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY as if such Documents and information had been disclosed by a party to this litigation under this Protective Order.  The Third-Party Discloser shall provide copies of any executed Third-Party Disclosure Agreement to each party to this litigation.

11.    Any party that is required to receive an executed copy of an acknowledgement and agreement to be bound by this Order, i.e. Attachment A, shall receive and maintain it in their records**.**

//

//

//

//

//

**SO STIPULATED AND AGREED.**

Dated: ~~April~~ August 1, 2024

By:   /s/ Jacquelyn R. Prom
      Jacquelyn R. Prom
      Pattishall, McAuliffe, Newbury,
       Hilliard & Geraldson
      200 S. Wacker Drive, Suite 2900
      Chicago, Illinois 60606
      Tel: (312) 554-8000
      Fax: (312) 554-8015
      Email: jrp@pattishall.com

      *Attorneys for Plaintiff*

Respectfully submitted,

By:   David Marcus
      Adelman Matz P.C.
      1159 Second Avenue
      Suite 153
      New York, New York 10065
      Tel : (646) 915-1190
      Email: david@adelmanmatz.com

      *Attorneys for Defendant*

**SO ORDERED.**

_____
Honorable Gary Stein
United States Magistrate Judge

Dated:  August 8, 2024

      New York, New York.

**ATTACHMENT A**
**TO STIPULATED PROTECTIVE ORDER**


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


|  |  |  |
|---|---|---|
| HUB GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-CV-08728 (JGK) |
| | ) | |
| v. | ) | |
| | ) | |
| SPL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |


**ACKNOWLEDGEMENT AND AGREEMENT**
**TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective

Order dated _____ in the above-captioned action and attached hereto, understands the

terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of

the United States District Court for the Southern District of New York in matters relating to the

Stipulated Protective Order and understands that the terms of the Stipulated Protective Order

obligate him/her to use Documents designated CONFIDENTIAL, ATTORNEYS' EYES ONLY,

or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY in accordance with the Order

solely for the purposes of the above-captioned action, and not to disclose any such documents or

information derived directly therefrom to any other person, firm or concern.

-14-

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Printed Name:

Signature:

Employer:

Title:

Date:

**ATTACHMENT B**
**TO STIPULATED PROTECTIVE ORDER**


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


|  |  |  |
|---|---|---|
| HUB GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-CV-08728 (JGK) |
| | ) | |
| v. | ) | |
| | ) | |
| SPL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |


**THIRD-PARTY DISCLOSURE AGREEMENT**

The undersigned party has read and understands the Stipulated Protective Order entered

by the Court in this litigation on _____ , to which this agreement is attached and agrees

to be bound by the terms of the Stipulated Protective Order as a party thereto.  The party is

producing documents and information to another party to this litigation under the terms and

conditions of this Stipulated Protective Order, and has a reasonable and good faith belief that any

documents that it has designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or

ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY qualify for such designations

under the terms of the Stipulated Protective Order.  The party agrees to provide copies of this

Third-Party Disclosure Agreement to each party to this litigation.

//

//

//

-16-

Agreed to on behalf of _____ [Name of Third-Party Entity]

Printed Name:

Signature:

Title:

Date: